IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DOUGLAS CAROSELLI, | § § § | |
| Plaintiff, | § § | No. 1:21-cv-220 |
| VS. | § § | Jury Trial Demanded |
| DYNAMIC SYSTEMS, INC., | § § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff Douglas Caroselli files this Complaint against Defendant Dynamic Systems, Inc.

## Parties

1. Plaintiff Douglas Caroselli is an individual residing in San Marcos, Texas.

2. Defendant Dynamic Systems, Inc. is a Texas corporation with its main office in Travis County, Texas. Dynamic Systems, Inc. may be served with process through its registered agent, Corporation Service Company, 211 7th Street, Suite 620, Austin, Texas 78701-3136.

## Jurisdiction and Venue

3. This Court has federal question jurisdiction because the case arises under the Age Discrimination in Employment Act (ADEA).

4. Venue is proper because Mr. Caroselli and Dynamic Systems reside in this District and because all of the events at issue took place in this District.

## Claim for Relief

5. Mr. Caroselli worked for Dynamic Systems in Austin from April 2017 until he was suddenly terminated in September 2019. Dynamic Systems is an "employer" within the meaning of the ADEA and Chapter 21 of the Texas Labor Code.

6. Mr. Caroselli held several positions during his time with the company, including reorganizing the Trimble department and the Tool Room. Both of those departments were in disarray when he arrived, with inventory problems, recordkeeping problems, and in some cases problems with theft and equipment in extreme disrepair. Mr. Caroselli worked to successfully correct the problems in these departments. Later, he worked on issues involving building maintenance, replacement of forklifts not maintained correctly and beyond repair, and updated equipment rental programs. In a nutshell, he was a valuable and productive employee of the company who acted in the company's best interests.

7. Unfortunately, Mr. Caroselli began to draw flak because of his age. One senior supervisor (Jay Rohan) referred to him as an "old f**k" on more than one occasion. Around August 2019 (when he was 57 years old), Mr. Caroselli commented that he planned to work until he was 62. Mr. Rohan told him that he "wasn't going to retire on the company's time." Within a few weeks, Mr. Caroselli was terminated and replaced by an employee in his 30s.

8. In the weeks leading up to the termination, Mr. Rohan began to strip Mr. Caroselli of his responsibilities. Mr. Rohan told Mr. Caroselli to stop working with David Padilla, the mechanic under his direct supervision. Before long, several additional employees who reported to Mr. Caroselli stopped responding or reporting to him. At the end, no one would take directions from Mr. Caroselli. Around that time, he learned that drivers for the company were telling people that he would be fired and replaced by the younger employee. Notably, however, Mr. Caroselli never received any write ups or warnings.

9. On September 9, 2019, Mr. Caroselli was terminated and replaced by the younger employee. Incredibly, the HR manager later told him that he was fired for poor performance. The HR manager said that that his supervisors claimed that he had five things to do and that he was not

good at any of them.  To say the least, Mr. Caroselli was shocked.  Until his age became an issue, no one ever complained about his job performance.

10. Mr. Caroselli filed a charge of discrimination with the EEOC and the TWC on March 5, 2020.  The EEOC mailed a right to sue letter on January 14, 2021.

11. All conditions precedent have occurred or been satisfied.

12. Dynamic Systems terminated Mr. Caroselli because of his age, which violated the ADEA.  Alternatively, Mr. Caroselli's age was a motivating factor in his termination, which violated Chapter 21 of the Texas Labor Code.

13. Dynamic Systems is liable to Mr. Caroselli for back pay, reinstatement or alternatively front pay, liquidated damages under the ADEA, compensatory and punitive damages in the amount of the applicable cap under Chapter 21 of the Texas Labor Code, attorneys' fees, pre- and post-judgment interest as provided by law, and all costs of court.

14. Ms. Caroselli demands a trial by jury.

For the foregoing reasons, Defendant should be cited to appear and answer and, upon final hearing, the Court should enter judgment in favor of Plaintiff and against Defendant for:

(1) Back pay;

(2) Reinstatement or in the alternative front pay;

(3) Liquidated damages under the ADEA;

(4) Compensatory damages and punitive damages under the Texas Labor Code;

(5) Attorneys' fees;

(6) Pre- and post-judgment interest as provided by law;

(7) All costs of court; and

(8) Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ David C. Holmes
David C. Holmes
Texas Bar No. 09907150
Law Offices of David C. Holmes
13201 Northwest Freeway, Suite 800
Houston, Texas 77040
Telephone: (713) 586-8862
Facsimile: (713) 586-8863
dholmes282@aol.com

ATTORNEY FOR PLAINTIFF