UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DOUGLAS CAROSELLI, | § | No. 1:21-CV-220-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| DYNAMIC SYSTEMS, INC., | § | |
| | § | |
| Defendant. | § | |

ORDER GRANTING DEFENDANT DYNAMIC SYSTEMS, INC.'S
<u>MOTION FOR SUMMARY JUDGMENT</u>

Before the Court is Defendant Dynamic Systems, Inc.'s ("Defendant" or "DSI") Motion for Summary Judgment filed on March 31, 2022. (Dkt. # 12.) Plaintiff Douglas Caroselli ("Plaintiff" or "Caroselli") responded in opposition on April 14, 2022. (Dkt. # 16.) DSI replied on April 21, 2022. (Dkt. # 17.) After careful consideration of the memoranda filed in support of and against the motion, the Court **GRANTS** DSI's Motion for Summary Judgment for the following reasons.

<u>BACKGROUND</u>

Caroselli alleges age discrimination after his termination from DSI on September 9, 2019. (Dkt. # 1.) DSI is a company specializing in mechanical and construction work. (<u>See</u> Dkt. # 13-A; Dkt. # 16-1.) DSI vice president Will

McManus ("McManus") hired Caroselli in April 2017 at the recommendation of Doug Smith ("Smith"), a longtime DSI employee and friend of Caroselli. (Dkt. # 13A at 52:10-23; 55:2-6.) Caroselli was fifty-four years old at the time of his hiring. (Id. at 34:13-14.)

Caroselli started out working in DSI's detailing department, performing quality control and quality assurance duties. (Dkt. # 13-A at 52:6-23; 58:1-11). He was then transferred to a project coordinator position after DSI no longer had the work to justify a fulltime employee in his detailing role. (Id. at 67:10-18.) Caroselli and his supervisor soon agreed that he was not a good fit for the project coordinator position, and he was transferred to the Trimble Department. (Id. at 69:7-9; 69:22-25; 71:17-20; 74:5-16.) But in July 2019, DSI determined there was only enough work for one fulltime employee and offered Caroselli another position in the tool room. (Id. at 84:11-20; 85:21-86:3.)

Caroselli had difficulty transitioning to his tool room position, and his supervisor, Charlie Hiney ("Hiney") had multiple discussions with Caroselli about his deficient performance. (Dkt. # 13-D at ¶ 6-9.) Hiney commented that Caroselli lacked the speed and efficiency expected of a new hire and that he repeatedly ignored Hiney's directives. (Id.) On September 9, 2019, Hiney fired Caroselli. (Dkt. # 13-A at 110:22-24.)

While working in the tool room, Caroselli also interacted with Jay Rohan ("Rohan"), a senior vice president at DSI.  (Dkt. # 13-H).  Caroselli alleges that Rohan made multiple harassing statements toward him during this time, including calling him a "d**k," and an "old f**k", and telling him he needed to change his "old fashioned ways."  (Dkt. # 13-A at 52:20-25; 130:4-7; 131:9.)  Caroselli also alleges that in response to his statement that he planned to retire at age sixty-two, Rohan stated that he would not "retire on DSI's time."  (Dkt. # 13-A at 122:20-17.)

Caroselli had learned several days prior to September 9, 2019, that he might be fired.  (Dkt. # 16-1 at 111: 3-9.)  In preparation for his termination, Caroselli composed a letter to document "the actions of several key DSI employees and how their actions directly affect [his] employment."  (Id.; Dkt. # 13-G-1.)  The letter discussed the delays in moving the tool room and some of the mistreatment by Rohan, such as calling him a d**k, but did not mention any ageist comments.  (Id.)  After he was fired on September 9, 2019, Caroselli presented the letter to DSI's president and human resources.  (Dkt. # 13-F.)  DSI investigated Caroselli's claims but ultimately determined that he was terminated due to performance issues, and that Rohan was not involved in the decision to fire him.  (Dkt. # 13-G-1.)

Caroselli filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about March 5, 2020.  On

March 9, 2021, Caroselli brought the instant suit, alleging age discrimination in

violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

("ADEA") and Chapter 21 of the Texas Labor Code, the Texas Commission on

Human Rights Act ("TCHRA").  (Dkt. # 1.)  DSI filed a Motion for Summary

Judgment on these claims on March, 31, 2022, which Caroselli opposes.  (Dkt.

#12; 16.)

## LEGAL STANDARD

"Summary judgment is appropriate only if 'there is no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law.'"

Vann v. City of Southaven, 884 F.3d 307, 309 (5th Cir. 2018) (citations omitted);

see also Fed. R. Civ. P. 56(a).  "A genuine dispute of material fact exists when the

'evidence is such that a reasonable jury could return a verdict for the nonmoving

party.'"  Bennett v. Hartford Ins. Co. of Midwest, 890 F.3d 597, 604 (5th Cir.

2018) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)).  "The

moving party 'bears the initial responsibility of informing the district court of the

basis for its motion, and identifying those portions of [the record] which it believes

demonstrate the absence of a genuine issue of material fact.'"  Nola Spice Designs,

LLC v. Haydel Enter., Inc., 783 F.3d 527, 536 (5th Cir. 2015) (quoting Celotex

Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

"Where the non-movant bears the burden of proof at trial, 'the movant

4

may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating . . . that there is an issue of material fact warranting trial.'" Kim v. Hospira, Inc., 709 F. App'x 287, 288 (5th Cir. 2018) (quoting Nola Spice Designs, 783 F.3d at 536). While the movant must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. Austin v. Kroger Tex., L.P., 864 F.3d 326, 335 (5th Cir. 2017) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1076 n.16 (5th Cir. 1994)). A fact is material if it "might affect the outcome of the suit." Thomas v. Tregre, 913 F.3d 458, 462 (5th Cir. 2019) (citing Anderson, 477 U.S. at 248).

"When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." Jones v. Anderson, 721 F. App'x 333, 335 (5th Cir. 2018) (quoting Duffie v. United States, 600 F.3d 362, 371 (5th Cir. 2010)). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. Infante v. Law Office of Joseph Onwuteaka, P.C., 735 F. App'x 839, 843 (5th Cir. 2018) (quoting Willis v. Cleco Corp., 749 F.3d 314, 317 (5th Cir. 2014)). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" McCarty v. Hillstone Rest. Grp., Inc., 864 F.3d 354, 357 (5th Cir. 2017) (quoting Boudreaux v.

Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005)).  In deciding a summary

judgment motion, the court draws all reasonable inferences in the light most

favorable to the nonmoving party.  Wease v. Ocwen Loan Servicing, LLC,

915 F.3d 987, 992 (5th Cir. 2019).

        Additionally, at the summary judgment stage, evidence need not be

authenticated or otherwise presented in an admissible form.  See Fed. R. Civ. P.

56(c); Lee v. Offshore Logistical & Transp., LLC, 859 F.3d 353, 355 (5th Cir.

2017).  However, "[u]nsubstantiated assertions, improbable inferences, and

unsupported speculation are not sufficient to defeat a motion for summary

judgment."  United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012)

(quoting Brown v. City of Hous., 337 F.3d 539, 541 (5th Cir. 2003)).

## DISCUSSION

        DSI asserts that there is no genuine issue of material fact as to any of

Caroselli's allegations, and therefore judgment should be entered as a matter of

law.  (Dkt. # 12.)  In response, Caroselli argues that genuine issues of material fact

exist, and therefore his claims should be tried before a jury.  (Dkt. # 13.)

I.    Prima Facie Case for Age Discrimination

        DSI argues that Caroselli cannot establish direct or circumstantial

evidence of age discrimination, and therefore summary judgment is proper.  (Dkt.

# 12 at 10.)  Caroselli contends that the evidence presents a circumstantial claim of age discrimination for which he has met the prima facie case.  (Dkt. # 16.)

Under the ADEA and TCHRA, it is unlawful for an employer to discharge any individual because of such individual's age.  "Section 21.051 is substantively identical to its federal equivalent in Title VII," and the ADEA protects age in employment claims using a similar analysis as is used in Title VII. Quantum Chem. Corp. v. Toennies, 47 S.W.3d 473, 475 n.2 (Tex. 2001); see also Tex. Lab. Code § 21.001 ("The general purposes of this chapter are to provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments.").  The Court will therefore analyze Caroselli's ADEA and TCHRA claims together using the Title VII framework for a discrimination case.

A plaintiff may prove employment discrimination through direct or circumstantial evidence.  Urbano v. Continental Airlines, Inc., 138 F.3d 204, 206 (5th Cir. 1998).  Direct evidence proves intentional discrimination without inference or presumption when believed by the trier of fact.  Brown v. E. Miss. Elec. Power Ass'n, 989 F.2d 858, 861 (5th Cir. 1993).  Circumstantial evidence requires the trier of fact to infer a nexus between the evidence and his termination. Id.  In cases where there is only circumstantial evidence in the record, courts apply the McDonnell Douglas burden-shifting framework.  See Reed v. Neopost USA,

Inc., 701 F.3d 434, 439 (5th Cir. 2012).  To establish a prima facie case of

employment discrimination under the McDonnell Douglas framework, a plaintiff

must demonstrate:

> (1) He is a member of a protected group;
> (2) he was qualified for his position;
> (3) he was discharged or suffered some other adverse employment action;
> (4) he was replaced with a person outside of the protected class, or he was treated less favorably than similarly situated employees of a different [class].

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

In this case, Caroselli has produced only circumstantial evidence of

discriminatory animus; therefore, the McDonnell Douglas framework applies.[1] The

parties agree that Caroselli is a member of a protected class based on his age and

that DSI discharged Caroselli from his position at the company, constituting an

adverse employment action. (Dkt. # 12 at 14; Dkt. # 16 at 10.)  However, DSI

contends that Caroselli cannot establish the second or fourth elements of his prima

facie claim.  (Dkt. # 12 at 14.)  DSI argues Caroselli was not qualified for his

position, and that he cannot demonstrate that he was replaced with a person outside

the protected class or treated less favorably than similarly situated employees of a

different age.  (Id.)

---

[1] Caroselli notes in his response that though DSI spends several pages addressing a "direct evidence" theory in their Motion, Caroselli has never claimed that the evidence rises to the level of direct evidence.  (Dkt. # 16 at 8.)  Thus, the Court will focus only on whether the prima facie case for circumstantial evidence is met.

A. Necessary Qualifications

A plaintiff challenging his termination or demotion can establish a prima facie case by showing that he continued to possess the necessary qualifications for his job at the time of the adverse action. Bienkowski v. American Airlines, Inc., 851 F.2d 1503 (5th Cir. 1988). The Fifth Circuit considers it an "unnecessary redundancy" to place a plaintiff's qualifications in issue at both the prima facie case and pretext stages of a termination case. Id. at 1505. Therefore, the Court takes a narrow view of the plaintiff's views at the prima facie stage, looking principally to whether the plaintiff has suffered any physical disability or loss of a necessary license that rendered him unfit for the position for which he was hired. Id. at 1506.

DSI contends that Caroselli was not qualified for his position because he was not meeting his supervisor's performance expectations. (Dkt. # 12 at 14.) However, evidence of a supervisor's displeasure with work performance does not prove a lack of qualifications at the prima facie stage. Berquist v. Washington Mut. Bank, 500 F.3d 344 (5th Cir. 2007); see also Lindsey v. Prive Corp., 987 F.2d 324, 327 (5th Cir. 1993) (holding that it is not appropriate for the district court to determine whether subjective criteria are bona fide on summary judgment).

DSI asked Caroselli to move from the Trimble Department into the tool room. (Dkt. # 13 at 39.) He was tasked with taking care of tool purchasing,

repairs, and maintenance, as well as preparing to move the tool room to a new location.  (Id. at 40.)  There is no indication in the record that Caroselli was unqualified for this role at the time of his hiring, nor did Caroselli later experience any physical disability or loss of license that would render him unfit for the position.  The only lack of qualification DSI points to is Caroselli's failure to complete the tool room transition within the desired amount of time.  (Dkt. # 12 at 19.)

DSI cites Williams v. Simmons Co., 185 F.Supp.2d 665 (N.D. Texas 2001) for the proposition that failure to perform jobs satisfactorily constitutes a lack of qualification.  Williams is distinct from the present case because in Williams, other similarly situated workers were able to meet the new standards set by the company; here, Caroselli was the only employee tasked with transitioning the tool room. And in DSI's other preferred case, Arensdorf v. Geithner, 329 Fed.Appx. 514 (5th Cir. 2009), the plaintiff was given warnings for over a year as well as a formal 90-day admonition letter.  Here, Caroselli was fired after approximately two and a half months and received only informal warnings.

The evidence of Caroselli's insufficient progress may be sufficient to rebut his claim of pretext, as discussed below, but it is not enough to determine a lack of qualifications at the prima facie stage.  Therefore, Caroselli has met the prima facie element of showing he was qualified for his position.

B.  Replacement or Less Favorable Treatment

To meet the fourth element of the prima facie case of age discrimination, plaintiffs must either show they were replaced by someone younger or treated less favorably than similarly situated younger employees.  Leal v. McHugh, 731 F.3d 405, 410 (5th Cir. 2013) (citing Smith v. City of Jackson, Miss., 351 F.3d 183, 196 (5th Cir. 2003)).  Under the ADEA, the protected class includes individuals who are at least forty years old.  29 U.S.C. §§ 631(a), 633(a)(a).  The Fifth Circuit has held that "[o]nly a minimal showing is necessary to meet this burden of establishing a prima facie case."  Sears v. Zions Bancorporation NA, 2022 WL 1800779 at *2 (5th Cir. 2022) (citing Bauer v. Albemarle Corp., 169 F.3d 962, 967 (5th Cir. 1999)).

Caroselli was approximately fifty-six years old at the time of his termination and was replaced by a thirty-five-year-old.  (Dkt. # 16 at 1; # 16-1 at 49.)  The difference between Caroselli's age and that of his successor is not "insignificant."  O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 313 (1996) (describing an example of a forty-year-old replaced by a thirty-nine-year-old as "thin evidence").  To establish his prima facie case, Caroselli need only demonstrate that he was replaced by someone younger or that he was treated less

favorably than other similarly situated employees, not both.[2]  Therefore, he has

made the necessary "minimal showing" of "more than a scintilla of evidence" that

he was discharged because of his age and has met the fourth prong of the prima

facie case.  Bauer, 169 F.3d at 967.

Based on the foregoing, Caroselli has presented evidence of a prima

facie case of age discrimination to survive summary judgment.

II.    Non-Discriminatory Reason

Because Caroselli has produced sufficient evidence of a prima facie

case to survive summary judgment, the burden shifts to DSI to assert a legitimate,

non-discriminatory reason for Caroselli's termination.  McDonnell, 411 U.S. at

804.  This is a burden of production, not persuasion.  Reeves v. Sanderson

Plumbing Prods., Inc., 530 U.S. 133, 142 (2000).

DSI states that it eliminated Caroselli because of his deficient

performance in the tool room.  (Dkt. # 12.)  Specifically, DSI points to Caroselli's

failure to complete the transition of the tool room in three to four weeks,

prioritizing tasks that were not part of his responsibilities, and the fact that

Caroselli had already performed unsuccessfully in three other roles at the

---

[2] DSI's argument that Caroselli cannot meet the fourth prong of his prima facie
case centers around Caroselli's inability to show that he was treated less favorably
than other similarly situated employees.  (Dkt. #12 at 14-15.)  As described above,
Caroselli does not need to make this showing to establish his prima facie case; he
only needs to show that he was replaced by someone younger, which he has done.

company.  (Dkt. # 17 at 17.)  These are all legitimate reasons for Caroselli's

termination.  See Sears, 2022 WL at *3 (holding that failure to integrate with other

departments and insubordination were non-discriminatory reasons); see also

Machinchick v. PB Power, Inc., 398 F.3d 345 (5th Cir. 2005) (finding that an

employee's refusal to adapt to new policy was a legitimate reason for termination).

   III.    Pretext and Discrimination as Motivating Factor

            Since DSI produced legitimate reasons for Caroselli's termination,

under the McDonnell Douglas framework, the burden shifts back to Caroselli to

prove that the given reason was pretextual.  The causation inquiry differs between

the AEDA and the TCHRA.  Squyres v. Heico Companies, LLC, 782 F.3d 224

(5th Cir. 2015).  The AEDA requires a plaintiff to prove that discrimination was at

least one "but-for" cause of the termination.  See id.  Under the TCHRA, a plaintiff

must either show that the given reason was pretext for discrimination or that the

reason, while true, was only one reason for its conduct, and that discrimination was

also a "motivating factor."  Sears, 2022 WL at *3; see also Reed v. Neopost USA,

Inc., 701 F.3d 434, 439-40 (5th Cir. 2012).  If the Court finds that the evidence

meets the more exacting ADEA standard, the evidence will necessarily also meet

the motivating factor standard under the TCHRA.  Goudeau v. Nat'l Oilwell Varco,

L.P., 793 F.3d 470, 474 (5th Cir. 2015).

Caroselli contends that a reasonable jury could find that his age was a but-for cause or a motivating factor for his termination. (Dkt. # 16 at 13.) Caroselli advances two main sources of evidence to support his argument: (1) Rohan's ageist comments and (2) the lack of documentation of a three-to-four week deadline for finishing the toolroom move. (Dkt. 16 at 13-16.)

A. Rohan's Ageist Comments

The Fifth Circuit has previously explained that "[a]ge-related remarks 'are appropriately taken into account when analyzing the evidence …,' even where the comment is not in the direct context of the termination and even if uttered by one other than the formal decision maker, provided that the individual is in a position to influence the decision." Palasota v. Haggar Clothing Co., 342 F.3d 569, 578 (5th Cir. 2003); see also Rachid v. Jack in the Box, 376 F.3d 305, 315 (5th Cir. 2004). For an age-based comment to be probative of an employer's discriminatory intent, it must be "direct and unambiguous, allowing a reasonable jury to conclude without any inferences or presumptions that age was an impermissible factor in the decision to terminate the employee." Moss v. BMC Software, 610 F.3d 917, 929 (5th Cir. 2010) (quoting EEOC v. Texas Instruments, Inc., 100 F.3d 1173, 1181 (5th Cir. 1996)).

To analyze whether such a remark is probative of age discrimination, the Fifth Circuit uses a two-part test. Reed, 701 F.3d at 441 (citing Russell v.

McKinney Hos. Venture, 235 F.3d 219, 226 (5th Cir. 2000)).  The remark must first demonstrate discriminatory animus, and second, must have been made "on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decisionmaker." Russell, 235 F.3d at 226.   However, where the remarks are the only evidence of pretext, they are not probative.  Palasota v. Haggar Clothing Co., 342 F.3d 569, 577 (5th Cir. 2003).

Caroselli alleges Rohan called him an "old f**k" and made comments about his "old-fashioned ways."  (Dkt. # 1-3A at 130:16-131:9.)  Caroselli also states Rohan remarked that he would not retire "on DSI's time."  (Dkt. # 13-A at 122:20-25.)  Such comments, on their face, demonstrate discriminatory animus. Therefore, the Court must determine whether Rohan was either "primarily responsible" for Caroselli's firing or was a person "with influence or leverage" over Hiney, the relevant decisionmaker.  Russell, 235 F.3d at 226.

It is undisputed that Rohan is a senior vice president at DSI and that Rohan oversees Hiney in his role as Sheet Metal Labor Manager.  (Dkt. # 13-C at 77; Dkt. # 13-H.)  Both parties agree that Hiney made the decision to fire Caroselli, but Caroselli alleges that Rohan influenced Hiney in this determination. (Dkt. # 2.) DSI denies that Rohan made any ageist remarks toward Caroselli and further

asserts that Rohan played no role in the decision to lay him off.  (Dkt. # 13-G at 2, 4; Dkt. # 13-D at 77; Dkt. # 13-H at 100).

In a factual dispute at the summary judgment stage, the Court must draw all reasonable inferences in favor of the nonmoving party.  Tiblier v. Dlabal, 743 F.3d 1003, 1007 (5th Cir. 2014).  However, even viewing the evidence in the record in the light most favorable to Caroselli, there is no genuine dispute of material fact as to whether Rohan was involved in the decision to fire Caroselli.

Caroselli can point to no more than mere allegations to support his claim.  (Dkt. # 13-A at 154:10-20.)  In his deposition, Caroselli states that Rohan called him an "old f**k" and that he would not retire on company time, though he could not recall the specific timeline of when it was said.  (Dkt. # 13-A, 52:16-24.) The only specific dates listed in Caroselli's original complaint letter to DSI are from 2018 and February 2019, several months before he began working in the toolroom.  (Dkt. # 13-F.)  The letter additionally contains no reference to Rohan's ageist remarks.  (Id.; Dkt. # 13-G-1.)  Further, Hiney and Rohan both deny that Rohan was involved in the firing decision, and the letter from Brian Peery states "I never heard Doug say that Jay was the cause of his letting go."  (Dkt. # 13-G-3). The only evidence Caroselli offers to refute DSI's assertions is his statement that "Charlie is nothing more than Jay's puppet."  (Dkt. # 16 at 15.)  However, the Court may not consider unsubstantiated and subjective beliefs as summary

16

judgment evidence. See Bugos v. Ricoh Corp., 2008 WL WL 3876548 at *2 (5th Cir. 2008).

   Moreover, the Fifth Circuit has found the "logical inference [to be] that age was not a factor" in similar circumstances where the only evidence of discrimination was a stray remark and where the individual who decided to terminate the plaintiff was in the same protected class.  Kelly v. Costco Wholesale Corp., 632 Fed.Appx. 779 (5th Cir. 2015).  At the time of his firing, Rohan and Hiney were in the same protected class as Caroselli.  (Dkt. # 12 at 19-20.)  Hiney was fifty-four and Rohan was fifty-seven, one year older than Caroselli.  (Id.)  In Kelly, 632 Fed.Appx. at 783, the Court found plaintiff's membership in the same protected class as the supervisor to "bolster[] the inference that age discrimination was not the reason for his termination."  See also Brown v. CSC Logic, Inc., 82 F.3d 651, 658 (5th Cir. 1996) (making an inference that age discrimination was not the motive when a 58-year-old employee was fired by his 60-year-old employer).

   Finally, as discussed below, the only other evidence Caroselli proffers to support his claim of age discrimination is the lack of documentation as to the expectation that the toolroom move would be completed in three to four weeks and that it was the reason for his termination.  (Dkt. # 16 at 1-2).  But even if true, it is not evidence of age discrimination.  Therefore, Rohan's remarks, which fail the two-part test for the reasons described above, are the only evidence Caroselli has to

support his claim.  Even when viewed in the light most favorable to Caroselli, Rohan's stray remarks do not create a "direct and unambiguous" dispute through which a reasonable jury could find that age was either a but-for or motivating factor in his termination.  See Texas Instruments, 100 F.3d at 1181.

B.  Timeline for Tool Room Transition

Caroselli further alleges that DSI's explanation for his termination – that he failed to complete the tool room transition within three to four weeks – is "concocted."  (Dkt. # 16 at 1-2.)  He notes there is no contemporaneous documentation as to this expectation, nor was it written as the reason for his termination.  (Id.)  Caroselli further claims that this reason differs from what he was told at the time of firing, which was that he was being laid off.  (Id.)  He also alleges that it would have been physically impossible to complete the tool room move in the allotted time because contractors had not finished the electrical and air work in the new building.  (Id.)

As the Fifth Circuit stated in Bugos, 2008 WL at *4, "the question is not whether an employer made an erroneous decision; it is whether the decision was made with a discriminatory motive. . .[w]e consider whether an employer's good faith perception of [plaintiff's] performance, accurate or not, was the real reason for his termination."  Caroselli has provided no evidence that Hiney did not believe in good faith that Caroselli was not performing according to his

18

expectations or that his deficient performance was not the real reason for his termination.

The evidence in the record, including Caroselli's own deposition testimony, shows that Hiney repeatedly expressed displeasure with Caroselli's work performance.  (Dkt. # 13-D at 76-77; Dkt. # 16-1, 100:1-7, 13-20; 101:2-10.)  In his letter to DSI's HR department, Brian Peery complimented Caroselli's work product, but noted that he was "concerned whether [Caroselli] would be able to deal with the personalities of the field guys."  (Dkt. # 13-G-3.)  Peery also described tensions between Caroselli, Hiney, and Rohan based on his work performance, and that after a significant clash over his allegedly unauthorized purchase of an office space, Caroselli told Peery that "he wasn't sure how long he would be there in his role."  (Id.)

Caroselli also contends that whether there really was a three-to-four week deadline is a credibility question for the jury.  (Dkt. # 16 at 17.)  However, "the existence of competing evidence about the objective correctness of a fact underlying a defendant's proffered explanation does not [] make a reasonable inference that the defendant was not truly motivated by its proffered justification."  Little v. Republic Refining Co., Ltd., 924 F.2d 93, 97 (5th Cir. 1991).  Though Caroselli could be correct that completing the tool room transition within the allotted time would have been impossible due to electrical problems, "even an

19

incorrect belief that an employee's performance is inadequate" is not a triable issue so long as the employer's belief was in good faith. Id.; see also De Anda v. St. Joseph Hosp., 671 F.2d 850, 854 n.6 (5th Cir. 1982).

   Further, even if this Court accepted that the tool room reason was untrue, Caroselli still has not shown evidence that age discrimination was the real reason, or even a motivating factor, for his termination. As discussed above, the only other evidence of age discrimination Caroselli has provided is Rohan's remarks. But Rohan's remarks are merely stray remarks under the Fifth Circuit's test, and thus are not probative. See Palasota, 342 F.3d at 577.

   Finally, the undisputed evidence shows that Caroselli was given four different roles at DSI over approximately two and a half years. (Dkt. # 13-A at 18, 26, 29-30, 32, 38.) When Caroselli was terminated from the tool room position, Hiney marked in his separation notice that Caroselli was eligible for rehire. (Dkt. # 13-E.) Taken together with the above-described evidence of Caroselli's performance deficiencies and personality clashes with his supervisors, even when viewed in the light most favorable to Caroselli, Caroselli has not shown that a reasonable jury could find age to be either a but-for cause or a motivating factor in his firing.

Caroselli has not demonstrated that DSI's proferred reasons for his termination were pretext for age discrimination.  Thus, the Court grants DSI's Motion for Summary Judgment.

<u>CONCLUSION</u>

For the reasons stated above, DSI's Motion for Summary Judgment (Dkt. # 12) is **GRANTED**.  The Clerk's office is instructed to **ENTER JUDGMENT** and **CLOSE THE CASE**.

**IT IS SO ORDERED**.

**DATE:** Austin, Texas, September 27, 2022.

_____
David Alan Ezra
Senior United States District Judge